LEONARD v. THE BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY.

1. COUNTY CLERK'S COMPENSATION—STATUTORY CONSTRUCTION.

Section 557, Gen. Stats., as amended in 1885 (Mills' Ann. Stats., sec. 812), providing that the county clerk shall receive a reasonable compensation for services rendered as clerk of the board of county commissioners, where no specific fees are allowed and limiting the amount thereof in counties of the third class, affects him only in his capacity as clerk of the board, and contains nothing interfering with his right to claim his statutory fees.

2. SAME—ENTERING ORDERS AND FILING PAPERS.

The county clerk is entitled, under section 1452, Gen. Stats., to a fee of thirty-five cents per folio for entering each order of the board of county commissioners. The "order of court," for which a fee is allowed by this section, means an order of the board. He is also entitled, in counties of the third class, to a fee of fifteen cents for the filing of each paper required to be filed, which includes claims, whether allowed or rejected.

3. SAME—INDEXING RECORDS.

The board of county commissioners has authority to require the record of its proceedings to be indexed by its clerk. When it has so ordered, the clerk is entitled to a fee of ten cents for each entry in the index.

4. SAME—ATTESTING COUNTY WARRANTS.

No fee is provided for the clerk for signing or attesting county warrants. Such work falls within that class of services for which, under the act of 1885, reasonable compensation is to be allowed by the board of commissioners, not exceeding, in counties of the third class, six hundred dollars per annum.

5. Same—General Rules Relating to Fees.

With respect to the compensation to which the county clerk is entitled for his general services (without reference to such as he may perform in his capacity as clerk of the board of commissioners), it is *held:* If the duty is statutory, and the compensation for its performance is provided, he is entitled to statutory pay. If the duty is statutory, but no compensation for its performance is provided, he is not entitled to compensation therefor. If the duty is not statutory, but is performed by the direction of the board in virtue of the general powers vested in it, and a fee is provided for services of that class, he is entitled to the fee; or, if no fee is provided, he is entitled to reasonable compensation.

*Error to the District Court of Garfield County.*

Mr. Joseph W. Taylor, Mr. A. P. Rittenhouse, of counsel, for plaintiff in error.

Mr. John T. Shumate and Mr. C. W. Darrow, for defendant in error.

Thomson, J., delivered the opinion of the court.

The plaintiff in error was the duly elected, qualified and acting county clerk of the county of Garfield, from the 8th day of January, 1888, to the 1st day of January, 1891, and between those dates, as county clerk, and as clerk of the board of commissioners of that county, performed a variety of services, his claims for which, upon proper demand, the board refused to allow. This proceeding was instituted to recover the amount which he claimed to be due ; and from a judgment in the cause, rendered by the district court against him, he has appealed to this court.

The performance of the service is conceded, but the recovery is resisted upon the theory that by a proper construction of the statutes defining his duties and regulating his compensation, he has received full pay from the county, and cannot therefore maintain this suit. The county clerk is charged with the general duties of his office, and is also, *ex officio,* recorder of deeds, and clerk of the board of commissioners.

He therefore acts in three capacities. By the law in force when these services were rendered, he received his pay, as recorder of deeds, from private individuals who had occasion for his services in that capacity. There is no question in this case which affects him as recorder of deeds. It is the compensation to which he was entitled by law as county clerk, and as clerk of the board of commissioners, concerning which counsel disagree. By the law under which these services were rendered, the office of county clerk was not a salaried office, but a compensation was provided by the statute to which he was entitled for his services either as county clerk or clerk of the board, which compensation was payable by the county. His compensation as clerk of the board was not, however, entirely payable in fixed fees; and for services performed as such clerk, for which no specific fees were provided, he was entitled to a reasonable compensation, to be allowed by the board and paid by the county. General Statutes, 1883, section 557.

The latter section was amended in 1885, so as to read as follows: " Such clerk shall receive a reasonable compensation for such services as he may perform, as clerk of the board, where no specific fees are allowed by the board, and paid by the county; Provided, That in any county of the third class the board of commissioners shall not allow, and there shall not be paid by the county to any such clerk, more than the sum of six hundred dollars, in the warrants of the county, per annum." Session Laws, 1885, p. 161.

The construction of the foregoing section contended for in behalf of the defendant would limit the compensation to which the plaintiff was entitled for any and all services performed by him as clerk of the board to the maximum amount of $600. It does not seem to us that the language is complicated or involved, or that any recondite learning is necessary to determine what it means. There is but one sentence in the entire amended section. The proviso is dependent upon, and must be interpreted by, what immediately precedes it; and the whole amounts to this, that in all counties ex-

cept those of the third class, for services as clerk of the board, for which no specific fees are provided, the county clerk shall receive a reasonable compensation; but that in counties of the third class this reasonable compensation shall not exceed $600 per annum. Garfield county is a county of the third class, and in that county, therefore, the extreme amount which the commissioners could allow the plaintiff in any one year for services as clerk of the board, for which no compensation in the way of fees was provided by law, was $600. There is nothing in this section which interferes with his right to claim his statutory fees. On the contrary, his right to them is recognized, and when services for which they are payable are rendered to the county, the county must pay them, no matter what the amount may be. The foregoing statutory provision affects the county clerk only in his capacity as clerk of the board of commissioners.

Several different accounts are set forth in the complaint. The first claim is for entering and recording on the records of the proceedings of the board 4,529 orders, made by the board, at thirty-five cents for each order. Section 554, of the General Statutes, makes it the duty of the clerk of the board to record in a book provided for that purpose all proceedings of the board. The act concerning fees and officers provides that county clerks in counties of the third class are authorized to receive the same fees as district clerks for like services, and contains the following among other specific provisions: "For entering each order of court, thirty-five cents per folio." General Statutes, section 1452. Each of these orders consists of one folio. Counsel for the county build an argument upon the phraseology "order of court," to this effect, that section 1452 has come down to us unaltered from the revision of 1868, when the county clerk was *ex officio* clerk of the probate court; that the words "order of court" therefore refer to proceedings in the probate court; that by the act of the legislature in 1877 the county clerk ceased to be clerk of the probate court; and that although the words have been retained in subsequent revisions and compila-

tions, yet, the office of clerk of the court having been abolished, there is nothing to which the words can be applied, and they are therefore no longer operative. The argument would be plausible if counsel's assumptions concerning the legislation on the subject were correct. By section 7 of an act approved March 11, 1864, the county clerks of certain specified counties were made *ex officio* clerks of the probate courts in their respective counties. Session Laws, 1864, p. 118. Very few of the present counties of the third class were named in the act; and the others, or a majority of them, were not then in existence. The act did not embrace all the counties in the state, and its provisions were confined specifically to those named. Nothing can therefore be predicated upon the fact that in those particular counties county clerks were clerks of the probate court. Prior to 1864 the county clerk was not clerk of the probate court in any county. The first act regulating the fees of officers was passed and approved on the 8th day of November, 1861. Counties were not then classified, and the law was equally applicable to all counties. We find in that act the following provisions: "The county clerk shall be and is hereby authorized to receive the same fees as clerks of the district court for like services." "For entering each order of court twenty-five cents." Session Laws, 1861, p. 392. Section 33, of an act relating to counties and county officers, approved November 6, 1861 (Session Laws, 1861, p. 90), made it the duty of the county clerk, as clerk of the board of commissioners, to record in a book, to be provided for that purpose, all proceedings of the board. In 1861 the county clerk was not *ex officio* the clerk of any court, and the only orders which he was required by law to record were the orders of the board. By the words "each order of court" must have been meant each order of the board, because the duties of the clerk did not concern any orders except those of the board, and he was not entitled to fees except for the performance of his official duties. In the respects we have noticed, the law has undergone no substantial change from that time to this; and we must hold that

the "order of court" is the order of the board, and that for entering and recording the orders made by the board of commissioners the plaintiff was entitled to receive the fees provided by law for the entering and recording of orders.

The next claim of the plaintiff is for filing 3,403 papers, at fifteen cents each. These papers consisted of claims allowed and disallowed, and a miscellaneous lot of other papers not pertaining to claims or accounts. Among the duties which the county clerk, as clerk of the board, is required to perform, is that of preserving and filing all accounts acted upon by the board, with their action thereon. For filing such accounts he is entitled by the statute to receive the same fees as clerks of the district court for like services. In counties of the third class the clerk of the district court is entitled to receive "for filing each paper required to be filed fifteen cents." The plaintiff was therefore entitled to fifteen cents for filing each paper which he was required to file. He was required to file all accounts acted upon by the board. Except these, we are unable to find that the statute requires any papers to be filed by him. He is entitled to the statutory compensation "for filing the claims allowed and disallowed," but the other items embraced in this account must be rejected.

The charge which follows is for indexing "Book A" of the records of the board. The statute did not require the performance by him of that kind of service, but the board directed him to cause the indexing to be done. Notwithstanding there is no express statutory provision for such work, we think it was clearly within the general authority of the board to order it. Indexing facilitates the examination of the records, and where these are voluminous it would seem to be almost a matter of necessity. It is certainly a benefit to the county to have its records indexed. The authority to order the work need not be conferred in express words. If it results from powers which are conferred, the action of the board in making the order is valid. *Roberts v. People,* 9 Colo. 458; *Garfield County v. Leonard,* 3 Colo. App. 576. The board has the authority to provide books in which to record its pro-

ceedings, and this authority would include the power to
cause the books to be supplied with proper indexes.    The
statute also fixes the fees to be paid for indexing, and with-
out the authority to order it done the provision would be
meaningless.    The plaintiff, having done this work by the
direction of the board, is entitled to compensation for it.
The statute provides specifically that the county clerk shall
receive " for each entry in index, ten cents."

The succeeding charge strikes us as being somewhat extra-
ordinary.    It is for attesting, sealing, and registering county
warrants, on account of which he asks seventy-five cents for
issuing, attesting and sealing, and ten cents for registering,
each warrant.    Section 801, Mills' Statutes, says : " Such
warrant or order shall be signed by the chairman of the
board, * * * attested by the clerk, and when presented to
the county treasurer for registry, be countersigned by him."
Section 554 of the General Statutes (Mills' Statutes, section
809) makes it the duty of the clerk to sign all orders issued
by the board for the payment of money.    He is nowhere
required to seal the orders or warrants, or register them.
There are no fees provided for signing or attesting them.
Such work therefore falls within the class of services for
which, in counties of the third class, by the terms of section
557 of the General Statutes, as amended by the act of 1885,
a sum not exceeding $600 per annum may be allowed and
paid by the commissioners.    It is not claimed that this sum
was not allowed and paid to the plaintiff.    At any rate, he
was not entitled to a recovery on account of this charge
under the allegations of his complaint.

We come now to a combination of charges of different
kinds.    Some of them are for notices sent to the clerks of
other counties that citizens of those counties had become
chargeable as paupers in Garfield county.    The statute pro-
vides for such notices, but fixes no fees for them, unless, as
counsel contends, they come within the following class in the
list of fees chargeable by clerks of the district court : " For
every summons or other process not herein expressly named,

and sealing the same, $1.25." The other "process" mentioned has no reference to such notices as these. It is process under seal, and these notices are not under seal.

We shall not make specific examination of the remaining charges in the complaint. They are mostly for services performed, not as clerk of the board, but as county clerk, and as the case must be retried, we shall content ourselves with stating what we conceive to be the rules which should be applied in determining the liability or nonliability of the county upon the several accounts set forth. In relation to services rendered as clerk of the board of commissioners, we think we have stated our opinion with sufficient clearness. The following observations have no application to the county clerk acting in that capacity, but refer solely to his general services as clerk of the county. If a duty is enjoined by statute, and the compensation for its performance is provided, then upon performance of the duty he is entitled to the statutory pay. If the duty is statutory, but no compensation is provided for its performance, then the law contemplates that it shall be performed without specific compensation, and in consideration of the general emoluments of the office. If the duty is not statutory, but is performed by the direction of the board, given in virtue of the general powers vested in it, and a fee is provided for services of that class, he is entitled to the fee; or, if no fee is provided, he is entitled to a reasonable compensation. By applying these rules, there need be no difficulty in reaching a just determination of this part of the controversy.

The plaintiff was entitled to a verdict for some amount upon the undisputed evidence, but the court nevertheless instructed the jury to find for the defendant, which they accordingly did. The instruction was erroneous and necessitates a reversal of the judgment.

*Reversed.*